
EOD
10/29/2009

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ADAN S. ALVARADO and SYLIA ALVARADO, | § § | CASE NO. 09-40855-R CHAPTER 13 |
| | § | |
| DEBTORS. | § | |

## MEMORANDUM OPINION

This case is before the Court following a hearing on a plan of reorganization proposed by the debtors, Adan and Sylia Alvarado, in the above-styled Chapter 13 case. This contested matter is a core proceeding in which this Court has jurisdiction to enter a final order. *See* 28 U.S.C. §§ 157(b)(2)(A), (L) and 1334. For the reasons stated in open court at the conclusion of the hearing and set forth more fully below, *see* FED. R. BANKR. P. 7052, confirmation of the proposed Chapter 13 plan should be denied.

### RELEVANT BACKGROUND

Following a confirmation hearing on June 24, 2009, this Court entered an Order Denying Confirmation of Chapter 13 Plan, Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan, and Setting Final Dismissal deadline Pertaining to Plan Confirmation (the "Deadline Order"). The Deadline Order required the debtors to file a new Chapter 13 plan within 30 days and provided that, in the event that the debtors failed to confirm their new Chapter 13 plan, their Chapter 13 case would be dismissed with prejudice to re-filing for a period of 120 days from the entry of the order of dismissal. Pursuant to the Deadline Order, the debtors filed a new Chapter 13 plan on June 25, 2009.

The Chapter 13 trustee objects to confirmation of the debtors' new reorganization plan, alleging that the plan proposed by these above-median-income debtors fails to satisfy the

"projected disposable income" requirement. *See* 11 U.S.C. § 1325(b)(1). The debtors are seeking to deduct from their monthly income a vehicle ownership expense of $456 for the vehicles they own. The Chapter 13 trustee objects to the deduction of this alleged vehicle ownership expense because the debtors own the vehicles outright and do not actually have an ownership expense. Significantly, the monthly payments to creditors during the applicable 60-month commitment period under the debtors' proposed Chapter 13 plan would be insufficient to pay the claims of unsecured creditors in full.

The parties agree that the Court's ruling on this issue will determine if the plan can be confirmed. If the Court allows the ownership expense, the proposed plan satisfies the disposable income requirements of § 1325(b) of the Bankruptcy Code. If not, the proposed plan does not comply with § 1325(b), and confirmation must be denied.

## DISCUSSION

Section 1325(b)(1) of the Bankruptcy Code requires that "the court may not approve the plan unless … the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period … will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). The Bankruptcy Code does not define the term "projected disposable income." Following the enactment of the Bankruptcy Abuse and Consumer Protection Act of 2005 (the "BAPCPA"), courts have issued conflicting opinions regarding the proper interpretation of this term. The debate in these cases centers on the BAPCPA's new definition of "disposable income" in § 1325(b)(2) and (3) and its effect on the meaning of "projected disposable income." *See Nowlin v. Peake (In re Nowlin)*, 576 F.3d 258, 261 (5th Cir. 2009).

New § 1325(b)(3) provides that for debtors with current monthly income above the applicable state median income for their household size, such as the debtors in this case, reasonably necessary monthly expenses are to be calculated using the formula set forth in § 707(b)(2)(A) and (B) in order to determine payments to unsecured creditors. Such "means test" standards are implemented in Chapter 13 cases through the calculation of "disposable income" built into Bankruptcy Form 22C. Some circuits have concluded that this calculation of "disposable income" may be used as a starting point, or presumption, for projecting a debtor's future income. *See Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652, 658-59 (8th Cir. 2008); *Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269, 1282 (10th Cir. 2008). Other courts have concluded that the term "projected disposable income" is "bound" to the term "disposable income," and that "projecting" a debtor's "disposable income" simply means multiplying the calculation of monthly "disposable income" by the term of the plan. *See Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868, 872-73 (9th Cir. 2008).

The Fifth Circuit recently opined on this issue, joining the Eighth and Tenth Circuits in adopting a forward-looking interpretation of "projected disposable income." *See In re Nowlin*, 576 F.3d at 266. Thus, in determining an above-median debtor's projected disposable income for purposes of plan confirmation, the Court may look at Bankruptcy Form B22C as a starting point. *Id.* at 262. Bankruptcy Form B22C creates a snapshot of the debtor's financial condition as of the date of the petition. *See, e.g., In re Rudler,* 388 B.R. 433, 438-439 (1st Cir. BAP 2008). Depending on the debtor's circumstances, § 707(b) of the Bankruptcy Code and Bankruptcy Form 22C allow a deduction from the debtor's monthly income for (1) a debtor's vehicle ownership expenses for up to two cars; (2) a debtor's vehicle operating expense, and, (3) if there are no cars for which the debtor pays operating expenses, a debtor's public transportation

expense. When conducting a means test under § 707(b), the Fifth Circuit has concluded that a debtor may deduct a vehicle ownership expense, even if the debtor does not have a vehicle ownership expense, for the purpose of determining whether a presumption of abuse exits. *See Tate v. Bolen (In re Tate)*, 571 F.3d 423, 428 (5th Cir. 2009).

However, the analysis does not stop there in the Chapter 13 confirmation context. Although "a debtor's 'disposable income' calculated under § 1325(b)(2) and multiplied by the applicable commitment period is presumptively the debtor's 'projected disposable income' under § 1325(b)(1)(B), … any party may rebut this presumption by presenting evidence of present or reasonably certain future events that substantially change the debtor's financial situation." *In re Nowlin*, 576 F.3d at 266. There is no dispute that the debtors in this case are not presently incurring an ownership expense for their vehicles. The Court finds and concludes that the Bankruptcy Form B22C calculation of disposable income, to the extent it includes such an expense, has been rebutted. The debtors' proposed plan, therefore, does not provide for the application of all disposable income during the applicable commitment period to be paid to unsecured creditors, and confirmation should be denied.

The debtors have failed to confirm a Chapter 13 plan within the time-period designated in the prior Deadline Order. The debtors' failure to confirm a Chapter 13 plan in this case after two confirmation hearings constitutes an unreasonable delay that is prejudicial to creditors, and such failure constitutes cause for the dismissal of this case with prejudice to re-filing pursuant to 11 USC §§ 349(a) and 1307(c). However, pursuant to the authority expressed in *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), the Court will retain jurisdiction to determine all requests for relief pertaining to the compensation to be paid to the debtors' counsel, so long as any such request is currently filed or is filed before the expiration of 10 days.

4

The Court will enter a separate Order consistent with this Memorandum Opinion.

Signed on 10/29/2009

*Brenda T. Rhoades*   SD

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE